IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

INFINITY LABS, LLC, *et al.*,

    Plaintiffs,

v.

RADIANCE TECHNOLOGIES, INC., *et al.*,

    Defendants.

Case No. 3:21-cv-170

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANTS RADIANCE TECHNOLOGIES, INC., AND WILLIAM C. BAILEY, JR.'S MOTION TO DISMISS (DOC. #8) WITHOUT PREJUDICE TO REFILING FOLLOWING RESOLUTION, BY UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, OF THE QUESTION OF WHETHER IT HAS PERSONAL JURISDICTION OVER INFINITY LABS, LLC, AND RESOLUTION OF ANY RENEWED MOTION TO TRANSFER THAT CASE TO THIS COURT

---

Plaintiffs, Infinity Labs, LLC ("Infinity"), Kenneth Edge, Jason Molnar and Kurtis Glendenning, filed suit against Radiance Technologies, Inc. ("Radiance"), and its CEO, William C. Bailey, Jr. Plaintiffs' claims arise out of actions taken by Radiance and Bailey after Edge, Molnar and Glendenning resigned their positions at Radiance and started their own company, Infinity Labs, LLC.

One month before the above-captioned lawsuit was filed, Radiance filed suit against Edge, Molnar, Glendenning and Infinity in the Circuit Court of Madison County, Alabama. That case was later removed to federal court. This matter is currently before the Court on Defendants' Motion to Dismiss, Doc. #8,

based on the first-to-file rule. That motion is now fully briefed. *See* Docs. ##12, 15.

I. **Background and Procedural History**

Kenneth Edge, Jason Molnar and Kurtis Glendenning are former employees of Radiance Technologies. Radiance is incorporated in Alabama and has its principal place of business there. However, it also employs approximately 300 people at its Beavercreek, Ohio, office. Edge, Molnar and Glendenning all reside in Ohio, and worked at the Beavercreek office. As a condition of their employment, Glendenning and Edge each signed an Employee Confidentiality and Ownership Agreement.

In June of 2020, when Radiance restructured its workforce, Edge, Molnar and Glendenning resigned and started Infinity Labs, LLC, which now employs approximately 25 people. Radiance and Infinity are both contractors for the United States Department of Defense, and compete for the same governmental contracts.

When Edge, Molnar and Glendenning resigned, Radiance took possession of their company-issued computers. Radiance maintains that, prior to Edge's resignation, he downloaded confidential business information, including salary information, which he later used to solicit employees from Radiance. Radiance also maintains that Glendenning removed the hard drive from his laptop

computer prior to returning it. The hard drive allegedly contained significant confidential and proprietary information that would be useful to Infinity.

Based on these facts, Radiance filed suit on May 20, 2021, in the Circuit Court of Madison County, Alabama, against Infinity Labs, Edge, Molnar and Glendenning. The First Amended Complaint contains claims of breach of contract, tortious interference with contract, conversion and breach of the duty of loyalty. It also contains a defamation claim based on statements that Edge and Molnar allegedly made to Radiance's actual and prospective business partners.

Approximately one month after Radiance filed suit in Alabama, Infinity Labs, Edge, Molnar and Glendenning filed the above-captioned case against Radiance and Bailey. The instant lawsuit alleges that Bailey has openly and publicly disparaged Infinity to stifle competition and disrupt Infinity's business relationships. The Complaint alleges claims of tortious interference with business relationships and contractual relationships, deceptive trade practices, unfair competition, breach of fiduciary duty, defamation, abuse of process and intentional infliction of emotional distress.[1] Plaintiffs maintain that the Alabama litigation is a "sham lawsuit," based on false allegations. They also argue that Alabama lacks personal jurisdiction over them.

In their Complaint, Plaintiffs expressed their intention to remove the Alabama case to federal court, and then seek the transfer of that litigation to the

---

[1] On September 17, 2021, Plaintiffs dismissed the abuse of process claim without prejudice. Doc. #72.

United States District Court for the Southern District of Ohio, to be consolidated with this lawsuit. On June 23, 2021, they removed the earlier-filed case to the United States District Court for the Northern District of Alabama, *Radiance Tech., Inc., et al. v. Edge, et al.*, Case No. 5:21-cv-853. Then, on August 11, 2021, they filed a motion to dismiss based on lack of personal jurisdiction or, in the alternative, to transfer venue to the United States District Court for the Southern District of Ohio under 28 U.S.C. § 1404(a).

On February 16, 2022, the Northern District of Alabama issued an Order denying the motion to dismiss the claims against Edge, Molnar and Glendenning. The court found that it could properly exercise personal jurisdiction over these three individuals. The court ordered supplemental briefing on the question of whether it could also exercise personal jurisdiction over Infinity. Supplemental briefing is currently scheduled to be completed by April 25, 2022. The court also denied the request to transfer the case to Ohio, without prejudice to being refiled after it determines whether it can exercise personal jurisdiction over Infinity. *See* Doc. #22 in Case No. 5:21-cv-853.

Pursuant to Fed. R. Civ. P. 12(b)(6), on August 6, 2021, Defendants in the above-captioned case moved to dismiss all claims against them based on the first-to-file rule. Doc. #8. For the reasons set forth below, the Court overrules that motion without prejudice to refiling after the Alabama court resolves the question of whether it may exercise personal jurisdiction over Infinity and resolves any renewed motion to transfer that case to the Southern District of Ohio.

## II.  Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)).

The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.  Analysis

In their Motion to Dismiss, Doc. #8, Defendants Radiance and Bailey seek dismissal of Plaintiffs' Complaint under the first-to-file rule. They argue that the Plaintiffs are simply reframing the same issues that are already pending in the

5

United States District Court for the Northern District of Alabama, and that the above-captioned case is nothing more than a calculated response to the Alabama litigation.

### A. Relevant Law

As explained in *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785 (6th Cir. 2016):

> The first-to-file rule is a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts. Simply stated, it provides that, "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should *generally* proceed to judgment.'" *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (quoting *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001)); *see Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ("As between federal district courts, ... the general principle is to avoid duplicative litigation."). This rule "encourages comity among federal courts of equal rank." *Zide Sport Shop*, 16 Fed.Appx. at 437; *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728–29 (5th Cir. 1985). It also conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results. *EEOC v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988); *West Gulf Maritime*, 751 F.2d at 729.

*Baatz*, 814 F.3d at 789.

Factors to be considered in the application of the first-to-file rule include: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.* If all factors support application of the first-to-file rule, then the court must determine whether any equitable considerations, such as inequitable

6

conduct, bad faith, anticipatory suits or forum shopping, counsel against application of the rule. *Id.*

**B.    Discussion**

Some of the above factors weigh in favor of dismissal of Plaintiffs' claims based on the first-to-file rule. For example, the Alabama litigation was already pending when this case was filed, and the parties are nearly identical. Although William C. Bailey, Jr., is not a party to the Alabama litigation, he is the CEO of Radiance Technologies, Inc., which is a party to both lawsuits. On the other hand, it cannot be said that all the claims and issues in the two lawsuits are "materially on all fours" and "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Smith v. Sec. & Exch. Comm'n*, 129 F.3d 356, 361 (6th Cir. 1997) (quoting *Congress Credit Corp. v. AJC Int'l, Inc.*, 42 F.3d 686, 689 (1st Cir. 1994)).

In their memorandum in opposition to Defendants' motion to dismiss, Plaintiffs argue that the Alabama court, as the court where the first complaint was filed, should determine the applicability of the first-to-file rule. *See J.M. Smucker Co. v. Promotion in Motion, Inc.*, 420 F. Supp. 3d 646, 652 (N.D. Ohio 2019) ("federal courts within this Circuit have determined that the court in which the first complaint was filed is the appropriate court to decide whether the first-to-file rule applies."). Defendants, however, note that this does not involve a "classic race to the courthouse." Rather, more than one month elapsed between the filing of the

7

Alabama lawsuit and this lawsuit. Defendants argue that, under these circumstances, nothing prevents this Court from ruling on the first-to-file issue.

Assuming *arguendo* that it would be permissible for this Court to decide whether application of the first-to-file issue warrants the dismissal of Plaintiffs' claims, it would not be prudent to make any such determination at this time, given the legal issues still pending before the United States Court for the Northern District of Alabama. Although that court has determined that it can properly exercise personal jurisdiction over Ken Edge, Jason Molnar and Kurtis Glendenning, it has not yet determined whether it can exercise personal jurisdiction over Infinity Labs, LLC. Notably, if the Alabama court determines that it lacks personal jurisdiction over Infinity Labs, LLC, and that it would therefore be appropriate to transfer the entire case to this Court, then Defendants' Motion to Dismiss, Doc. #8, would be almost entirely moot.[2]

Having considered the procedural posture of the litigation pending in the United States District Court for the Northern District of Alabama, along with the parties' briefs on Defendants' Motion to Dismiss the above-captioned case, the Court OVERRULES Defendants' motion, Doc. #8, WITHOUT PREJUDICE to refiling after the Alabama court determines whether it can exercise personal jurisdiction

---

[2] Defendants have also asked the Court to dismiss Plaintiffs' claim of unfair competition, arguing that Plaintiffs have failed to state a plausible claim for relief under Ohio law. At this time, the Court makes no determination concerning the viability of this claim.

8

over Infinity Labs, LLC, and after it resolves any renewed motion to transfer the case to this Court.

### IV. Conclusion

For the reasons set forth above, the Court OVERRULES Defendants Radiance Technologies, Inc., and William C. Bailey, Jr.'s Motion to Dismiss, Doc. #8, WITHOUT PREJUDICE to refiling after the United States District Court for the Northern District of Alabama resolves the question of personal jurisdiction over Infinity Labs, LLC, and/or resolves any renewed motion to transfer that case to the United States District Court for the Southern District of Ohio.

Counsel is requested to notify the Court as soon as the District Court in the Northern District of Alabama resolves either one or both of the above issues.

Date: March 24, 2022

*[signature]*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copy To:
Clerk of Court,
United States District Court for the
Northern District of Alabama